EMELINE LAW v. GEORGE ALBERT CLINE.

DEFENDANT IN BASTARDY PROCEEDINGS MARRYING COMPLAINANT, DOES NOT BAR SUIT.

The marriage of the complainant to the defendant, after the birth of the child, and pending the suit, is no bar of itself to its further prosecution by her.

The defendant answered alleging that since the beginning of the action he and complainant were married and are now husband and wife. A demurrer to the answer was overruled. The complainant by reply admitted the marriage but alleged that the defendant refused to acknowledge that he was the father of the child, and denied that he was its father, and that he had abandoned the mother and child immediately upon marriage and gone to another state where he now resides. A demurrer to the reply was sustained. The complainant comes into this court alleging error in the court below in sustaining the demurrer to the reply and in overruling the demurrer to the answer.

LAUBIE, J.

A prosecution for bastardy after the accused has been bound over to the court of common pleas, cannot, under the provisions of the statute, be compromised by the complainant; and hence she cannot by her act dismiss the case, or cause it to be dismissed.

This case is unlike the case of Miller v. Anderson, 43 O. S.; 473, (which is directly opposed to, and in which the court did not undertake to overrule, but only to distinguish from Roth v. Jacobs, 21 O. S., 646.) In that case the child was born in lawful wedlock, the complainant having married a man other than the defendant, pending the prosecution, and before the child was born, he knowing that she was pregnant, and it was held, whether rightly or wrongly is immaterial here, that the child must be conclusively presumed, so far at least as the bastardy act was concerned, to be legitimate and not a bastard.

Here, the child was born before wedlock, and was a bastard, and the marriage could not legitimize it. It would require, to do that not only

Law v. Cline.

marriage, but an *acknowledgment* upon the part of the man *after* the marriage that he was the *father* of the child.

There was no admission of paternity in the answer of the defendant in this case, and the demurrer to the reply admitted the allegations in it that he denied, and never had acknowleged, that he was the father of the child, and had abandoned both mother and child immediately upon the marriage, and had gone to another state where he still resided.

Not having acknowledged the child as his the defendant is not bound to support it, although he did marry its mother—it is still a bastard and the question remains : Who is the father ? That must be determined under the provisions of the statute, so far as the defendant is concerned, and in its determination the public is interested, as well as the child, and the parties.

A prosecution for bastardy does not abate by the death of the mother, nor because she fails to carry it on. The public, through its proper officers, may take up and carry on her suit if she fails to do so, or may institute suit if she does not. The suit is not for the benefit of the mother, according to the statute, but for the benefit of the child, and to protect the public against the expense of its maintenance. The putative father is charged with the maintenance of the child in a sum to be named by the court, to be paid, it is true, to the mother, if alive, but no personal judgment is to be rendered in favor of the mother against the defendant, as in case of recovery of a debt. Indeed, it is a *quasi* criminal proceeding, and may be instituted in the name of the state on relation of the mother.

We know of no legal reason why the marriage should be a bar to the further prosecution of this case, nor why the defendant should be relieved from the penalties attached to his offense. It is purely a statutory offense or question, and if the defendant acknowledges the child to be his it is a plea of guilty under the statute, and he should be adjudged the putative father, and stand charged with its maintenance, as therein provided. On the other hand, if he denies its paternity, the question should be submitted to a jury, as in other cases, as in no other way can he be charged with its paternity and support.

That the complainant and defendant are now husband and wife, has nothing to do with this question, under the facts of this case, and the provisions of the statute. Indeed, in this state a wife may contract with her husband the same as if no relation existed between them ; and consequently she may maintain suits against him as if she were a *feme sole*. That the defendant has become the husband of the complainant, pending the suit, is no bar now, of itself, to its further prosecution by her ; and we believe never was.

Reversed and remanded for trial.

*John L. Locke*, Cambridge, Ohio, for complainant.

*McGinniss & Leland*, for defendant.